NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1818
_____

UNITED STATES OF AMERICA

v.

JARRETT HOBBS,
                    Appellant

_____

On Appeal from the District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-12-cr-00325-003)
District Judge: Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 13, 2015

Before: MCKEE, Chief Judge, HARDIMAN, and SCIRICA, Circuit Judges

(Filed: August 11, 2015)

_____

OPINION[*]
_____

**SCIRICA**, *Circuit Judge*

Jarrett Hobbs participated in a fraudulent scheme as part of a group law

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

enforcement branded the "Felony Lane Gang." Traveling from Florida to Pennsylvania, the group broke into cars and stole checkbooks, credit cards, and identification information. They then forged and cashed the checks at Pennsylvania banks and elsewhere. The grand jury charged Hobbs and his codefendants (all of whom have since pled guilty and been sentenced) with conspiracy to commit bank fraud and wire fraud; bank fraud; wire fraud; and aggravated identity theft. For Hobbs's plea of guilty to the conspiracy charge (18 U.S.C. § 1349), the government recommended a three-level reduction for acceptance of responsibility and agreed to dismiss the three other counts of indictment.

Hobbs raised several objections to the Presentence Investigation Report. But before sentencing, he and the government agreed that, in exchange for his withdrawal of all objections, the government would recommend reduced enhancements for amount of loss and number of victims. Consistent with the agreement, the court sentenced Hobbs to 132 months rather than the probation officer's recommended 210 to 262 months. Hobbs now seeks to appeal, and counsel has moved to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), because Hobbs can raise no nonfrivolous argument to challenge his sentence. We will affirm and grant counsel's motion to withdraw.[1]

Counsel's *Anders* brief evinces "conscientious examination" of the record for appealable issues. *See Anders*, 386 U.S. at 744.[2] Counsel discussed all prior objections

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 for Hobbs's violation of 18 U.S.C. § 1349. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] *Anders* requires counsel to conscientiously examine the record, 386 U.S. at 744, and "explain to the court why the issues are frivolous," *United States v. Marvin*, 211 F.3d

2

Hobbs raised to the sentence, including those Hobbs withdrew at sentencing, and explained why each would be frivolous. First, counsel explained that Hobbs agreed to withdraw his objections in exchange for significant reductions on enhancements for loss amount and number of victims. Second, counsel concluded that appealing the sentence would be frivolous not only because these objections were not raised at sentencing, but also because Hobbs's sentence was well below the sentence he would likely have received without the agreement. Finally, counsel discussed the merits of each sentencing objection and explained why it would be frivolous. The *Anders* brief shows counsel "thoroughly scoured the record," *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000), and raised the best arguments Hobbs could make.

Upon independent examination of the record, we agree that there are no nonfrivolous arguments Hobbs can make to challenge his sentence.[3] The probation officer found over $1 million in loss (and $500,000 as Hobbs's profit) caused by the "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" and "acts or omissions . . . that were part of the same course of conduct or common scheme." *See* U.S.S.G. § 1B1.3(a)(1), (2). Accordingly, the 12-level increase he received for a stipulated loss amount of $200,000 was proper. *See*

_____

778, 781 (3d Cir. 2000). "If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case," it may grant the motion and dismiss the appeal. *Anders*, 386 U.S. at 741–42 (citation omitted); *see also United States v. Youla*, 241 F.3d 296, 299-300 (3d Cir. 2001).

[3] Where, as here, an *Anders* brief is facially adequate, we confine our review to those parts of the record identified by the brief. *Youla*, 241 F.3d at 301. An argument is frivolous if the merits are not arguable. *See id.* We review the interpretation of the Sentencing Guidelines de novo and factual findings for clear error. *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011).

U.S.S.G. § 2B1.1(b)(1)(G). Similarly, the court properly applied a four-level sentencing enhancement for 50 or more victims. *See id.* § 2B1.1(b)(2)(B). The probation officer found 250 victims, *see* PSR ¶ 25, and Hobbs agreed there were at least 50. In addition, the court properly concluded that, based on codefendants' statements, an enhancement for Hobbs's leadership role was appropriate, *see* U.S.S.G. § 3B1.1(a), and that Hobbs's participation in a fraudulent scheme across multiple jurisdictions to avoid law enforcement justified another enhancement, *see id.* § 2B1.1(b)(10). Finally, Hobbs's criminal history computation was proper because sentences imposed on the same day should be considered separately and not as one prior sentence "if the sentences were imposed for offenses that were separated by an intervening arrest." *Id.* § 4A1.2(a)(2).

Because we find no nonfrivolous arguments raised by counsel's adequate *Anders* brief and Hobbs has failed to file any reply raising other issues, we will affirm the judgment of conviction and sentence and grant counsel's motion to withdraw.